UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WISLY BLANC,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, DAVID WESLING, Field Office Director, DAVID VENTURELLA, Acting Director U.S. Immigrations and Customs Enforcement, MARKWAYNE MULLIN, U.S. Secretary of Homeland Security, TODD BLANCHE, U.S. Attorney General,<br><br>Respondents. | CIVIL ACTION NO.<br>26-CV-14271-WGY |

YOUNG, D.J. October 7, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Wisly Blanc ("Petitioner") for habeas corpus relief under 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, Respondents' Abbreviated Response to Habeas Petition ("Response"), ECF No. 7, and Petitioner's Reply to Respondents' Response ("Reply"), ECF No. 8.

This Court agrees with Petitioner that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.

This conclusion is consistent with the binding decision in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL2352042 (1st Cir. Aug. 13, 2026).

Respondents concede that "Following the decision in Guerrero Orellana, the law of the First Circuit is that petitioners detained pursuant to 8 U.S.C. § 1226 are entitled to a bond hearing should they request one," but argue the matter should be dismissed "as Petitioner has failed to exhaust administrative remedies before the Immigration Court." ECF No. 7 at 1. In the alternative, the Respondents suggest the Court "hold matter in abeyance and require Petitioner to request a bond hearing before adjudicating this Petition." Id. Petitioner, in contrast, asserts that Guerrero Orellana did not impose a mandatory exhaustion requirement prior to seeking habeas relief nor require petitioners to first request a bond hearing from an immigration judge. ECF No. 8. Moreover, Petitioner argues that an exhaustion requirement would contradict the post-Guerrero Orellana decisions of this Court. Id.; see Tschimayi v. Moniz, No. 26-cv-13908-BEM, ECF No. 8 (D. Mass. Aug. 25, 2026) (Murphy, J.) (having ruled that exhaustion was not required, "the First Circuit's (sic) decision in Guerrero Orellana does not change this.").

To the extent the government argues that Petitioner failed to exhaust administrative remedies by not first asking the

Immigration Court for a bond hearing or require Petitioner request a bond hearing before adjudicating this Petition, the Court will not deny the petition on the basis of exhaustion. See Waters Rossin v. Moniz, 26-cv-13436-BEM, ECF No. 12 (D. Mass. Aug. 4, 2026) (Murphy, J.); Gonzalez Urizar v. Hyde, No. 26-cv-13865-PBS, ECF No. 9 (D. Mass. Aug. 26, 2026) (Saris, J.); Arevalo v. Moniz, 26-cv-13733-LTS, ECF No. 15 (D. Mass. Sept. 8, 2026) (Sorokin, J.).

Based upon the foregoing, the Court construes—and ORDERS the Respondents to likewise construe—the pending petition as conveying a request for a bond hearing before the Immigration Court.

Accordingly, the Court hereby ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Petitioner poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.